UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES R. MCKINNEY | : | |
| | : | |
| v. | : | C.A. No. 05-01S |
| | : | |
| ASHBEL T. WALL and | : | |
| STATE OF RHODE ISLAND | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the State of Rhode Island's Motion to Dismiss the 28 U.S.C. § 2254 Petition filed by James R. McKinney ("Petitioner") (Document No. 3). The State seeks dismissal of the Petition asserting that it is time-barred under 28 U.S.C. § 2244, the applicable statute of limitations. The State also claims Petitioner has failed to exhaust his remedies at the state level. This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local R. 32(c). The Court has determined that no hearing is necessary. After reviewing the memorandum submitted by the State and performing independent research, I recommend that the Motion to Dismiss be GRANTED, and that the Petition be DISMISSED WITH PREJUDICE.

**Facts and Travel**

In 1994, Petitioner pled nolo contendere to six charges related to a robbery he committed at a hotel in Pawtucket, Rhode Island.[1] Prior to his sentencing, Petitioner entered into a plea agreement with the State, which provided that he would serve twenty years of a forty-year sentence, and that

[1] Much of the relevant factual and procedural background to this case is set forth in the Rhode Island Supreme Court's February 4, 2004 Decision. See McKinney v. State, 843 A.2d 463 (R.I. 2004).

4

in return, the State would not seek habitual offender status. At his sentencing, however, the sentencing justice rejected the plea agreement, and sentenced Petitioner to serve forty years of a sixty-year sentence of imprisonment. Following his sentencing, Petitioner sought appellate relief, and filed both a motion to reduce his sentence pursuant to R.I. Super. Ct. R. Crim. P. 35 as well as an application for post-conviction relief pursuant to R.I. Gen. Laws § 10-9.1-1.

Petitioner's Rule 35 motion to reduce his sentence was turned away by the Rhode Island Supreme Court on December 15, 1997. See State v. McKinney, 705 A.2d 1379 (R.I. 1997). Notwithstanding the denial of relief in 1997, however, the Petitioner filed a subsequent action challenging his conviction in 2001, pursuant to R.I. Gen. Laws §10-9.1-1. That action was decided on the merits by the Rhode Island Superior Court and then appealed to the Rhode Island Supreme Court. Although the Rhode Island Supreme Court stated in a footnote that res judicata may have barred its decision, it ruled on the merits of the case, and issued its decision on February 4, 2004, holding that Petitioner's sentence was not in violation of the Rhode Island or United States Constitutions. See McKinney v. State, 843 A.2d 463 (R.I. 2004).

Following the Rhode Island Supreme Court's decision, Petitioner filed the present habeas corpus action on January 3, 2005, claiming four grounds for relief: (1) that his nolo contendere plea was unlawfully coerced by the state court, (2) that his sentence violates the Eighth Amendment to the United States Constitution, (3) that his nolo contendere plea did not constitute a waiver of the right to be free from excessive punishment, and (4) that his sentence violates Article 1, Section 8 of the Rhode Island Constitution because it is disproportionate. On January 4, 2005, District Judge William E. Smith Ordered the State to submit a response to the Petition, and the State filed its Motion to Dismiss and supporting Memorandum on January 28, 2005. In its Motion, the State

claims that the Petition is barred by the statute of limitations contained in 28 U.S.C. § 2244, and also notes without providing any specific details, that Petitioner failed to exhaust his remedies at the state level. Petitioner has not filed an objection to the State's Motion.

**Standard of Review**

Prior to filing a petition pursuant to 28 U.S.C. § 2254, a petitioner must meet certain statutory prerequisites. In the present case, the State has claimed that Petitioner did not meet two requirements: first, the State claims that the Petition is untimely under the applicable statute of limitations, and second, the State claims the Petitioner failed to exhaust his remedies at the state level with respect to certain claims for relief contained in his Petition.

**A. Statute of Limitations**

The first issue presented is the application of the statute of limitations to this action. The State has moved, pursuant to 28 U.S.C. § 2244, to dismiss the Petition alleging that the one-year statute of limitations applicable to a claim brought under 28 U.S.C. § 2254 expired prior to Petitioner filing this action.

28 U.S.C. § 2244(d)(1) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It further provides that the limitation period will begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," but that it shall be tolled while any "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2).

The State argues that the statute of limitations commenced in 1997, when Petitioner's first appeal to the Rhode Island Supreme Court was rejected. Thus, the State concludes that the Petition

is time-barred since the one-year period would have expired well prior to the present filing. Although the State's argument appears to have some merit on its face, the State has failed to cite to any supporting precedent or to even address the impact of Petitioner's 2001 post-conviction action in the state court. Specifically, the Petitioner's 2001 action appears to have been a "properly filed" action, which was ruled upon by the Rhode Island Supreme Court on the merits, and which addressed the precise constitutional issues presented in Petitioner's present habeas corpus proceeding.

After an independent review of the statute and pertinent cases, this Court concludes that the one-year statute of limitations expired prior to Petitioner's filing this action in the federal court, thus foreclosing his opportunity to seek Section 2254 relief from his state court conviction. The statute of limitations for a federal habeas action begins to run when the judgment in the state court is "final." The statute defines a conviction as "final" upon "the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). This Court concludes that Petitioner's state court conviction was "final" in 1997, notwithstanding the subsequent action seeking post-conviction relief. Because his conviction was final following the December 15, 1997 decision by the Rhode Island Supreme Court, the statute of limitations would have expired sometime in early 1999.[2] Therefore, the 2001 post-conviction relief action in the state court does not have any effect upon the calculation of the statute of limitations, because it had already expired. See Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) ("the tolling provision does not give petitioner the ability to revive an expired grace period by the simple expedient of filing a [subsequent motion for relief]. Such an ability would eviscerate the one year grace period"); Smith v. Stegall, 141 F. Supp.

[2] The conviction is considered final upon the conclusion of review with the United States Supreme Court, or the expiration of the ninety-day period for seeking certiorari pursuant to Sup. Ct. Rule 13. Thus, Petitioner's limitations period would have expired one year and ninety days from the Rhode Island Supreme Court's decision.

2d 779, 782-783 (E.D. Mich. 2001) ("[a] state court postconviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); Sorce v. Artuz, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999) ("[t]he tolling provision [ ] does not allow the one year period to run anew each time a post-conviction motion is ruled upon.").

**B. Exhaustion of State Remedies**

The second statutory prerequisite at issue is the requirement, pursuant to 28 U.S.C. § 2254(b)(1)(A), that a state prisoner exhaust all available state court remedies prior to pursuing a habeas corpus relief in the federal courts. Because the Petitioner is barred from pursuing a Section 2254 action by the applicable statute of limitations, the State correctly states that Petitioner's claimed failure to exhaust his remedies is moot.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 3) be GRANTED, and that the Petition be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
March 25, 2005