UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES R. MCKINNEY | : | |
| | : | |
| v. | : | C.A. No. 05-01S |
| | : | |
| ASHBEL T. WALL and | : | |
| STATE OF RHODE ISLAND | : | |

**REPORT & RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Petitioner's Motion for Certificate of Appealability (Document No. 8) filed pursuant to 28 U.S.C. §2253 and First Circuit Local R. 22.1. This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local R. 32(c). The Court has determined that no hearing is necessary. After reviewing the motion submitted and performing independent research, I recommend that the Motion for Certificate of Appealability be DENIED.

In 1994, Petitioner pled nolo contendere to six charges related to a robbery he committed at a hotel in Pawtucket, Rhode Island. Prior to his sentencing, Petitioner entered into a plea agreement with the State that was subsequently rejected by the sentencing justice. Following sentencing, Petitioner pursued various avenues of post-conviction relief. Ultimately, the Rhode Island Supreme Court issued its decision on February 4, 2004, holding that Petitioner's sentence was not in violation of the Rhode Island or United States Constitutions. See McKinney v. State, 843 A.2d 463 (R.I. 2004).

Following the Rhode Island Supreme Court's decision, Petitioner filed a habeas corpus action in this Court on January 3, 2005, claiming four grounds for relief: (1) that his nolo contendere plea was unlawfully coerced by the state court; (2) that his sentence violates the Eighth Amendment to the United States Constitution; (3) that his nolo contendere plea did not constitute a waiver of the right to be free from excessive punishment; and (4) that his sentence violates Article 1, Section 8 of the Rhode Island Constitution because it is disproportionate.

On March 25, 2005, this Court recommended that the Petition be dismissed with prejudice, since the Petition was filed outside the one-year limitations period pursuant to 28 U.S.C. §2244. By order entered on May 14, 2005, the District Court dismissed the case and entered Judgment in favor of the Defendant. On May 31, 2005, Petitioner, pro se, filed a motion for a certificate of appealability ("COA").

**Standard of Review**

28 U.S.C. §2253 provides that an appeal from a final order in a habeas corpus proceeding may be taken if a "circuit justice or judge issues a certificate of appealability." See 28 U.S.C. § 2253(c)(1). The First Circuit Court of Appeals has noted that district judges may also issue a COA. See Grant-Chase v. New Hampshire Dep't of Corr., 145 F.3d 431 (1st Cir. 1998). In order to satisfy the Court that a COA is warranted, the petitioner is required to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To satisfy the "substantial showing" requirement, the petitioner must demonstrate that the issues presented are debatable among jurists of reason; that a court could resolve the issues differently; or that the issues raised are adequate to encourage further proceedings. Slack v. McDaniel, 529 U.S. 473, 475 (2000).

However, in the instant matter, Petitioner's application for habeas relief was dismissed for the reason that he failed to comply with the applicable time limitation provision. Thus, the Court did not reach the merits of Petitioner's claims of constitutional deprivation. Therefore, the initial inquiry this Court must make in determining whether a COA should issue is whether Petitioner has made a "credible showing" that the Court erred in determining the threshold procedural issue. Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998). If no such showing is made, the Court need not consider whether the petitioner has made a substantial showing of the denial of a constitutional right. Id. at 943-944.

Petitioner has failed to make the requisite credible showing that the Court erred in determining that his habeas petition was untimely filed. As stated in this Court's Report and Recommendation dated March 25, 2005, Petitioner's "conviction was final following the December 15, 1997 decision by the Rhode Island Supreme Court." The statute of limitations begins to run upon his final conviction and, therefore, the applicable one-year statute of limitations would have expired sometime in 1999 (allowing ninety days for a potential appeal to the Supreme Court in addition to the one-year statute under 28 U.S.C. §2244).

Rather than providing any credible evidence to counter the Court's application of the statute of limitations, Petitioner states in his COA: (1) that there is an "unmistakable misinterpretation of the time line for the statute of limitations for Habeas as to Federal Courts;" (2) that there is an "unmistakable misinterpretation as to the actual date of the newly imposed sentence against the plaintiff;" (3) that the "Defendant was given undue weight in its characterization of the plaintiff by the court;" and finally, (4) that the "Plaintiff being Pro-Se is not being allowed to properly represent himself and is in need of legal representation, because of his mental aptitude in such legal matters."

None of the four statements included in Petitioner's Motion persuades the Court that its application of the one-year statute of limitations was incorrect.

**Conclusion**

Petitioner's habeas corpus petition was correctly denied, and his request for a COA does not make a credible showing that the Court erred in determining the threshold procedural issue. For all these reasons, I recommend that the District Court DENY Petitioner's Motion for Certificate of Appealability (Document No. 8). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
July 5, 2005