UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

JAMES R. McKINNEY

V. CA. 05-01S

ASHBEL T. WALL

OBJECTION TO MAGISTRATES
REPORT AND RECOMMENDATION
FOR DENIAL OF CERTIFICATE OF APPEALABILITY

Petitioner, James R. McKinney, does hereby object to Magistrates Report and Recommendation as it is **again** looking to the wrong action date, the petitioner is attacking the later date in his § 2254 action before the District Court.

JURISDICTION

Pursuant to § 636 this court has full and complete jurisdiction in the immediate action.

ARGUMENT IN BRIEF

Petitioner brings action before this court because, of the R.I. Supreme Court action of 4 Feb. 2004, reversing R.I. Superior Court Ruling of 14 Nov. 2001. Which, takes all case law before the 2003 U.S. Supreme Court decision use as the basis of the R.I. Supreme Court's decision, to suppress all previous U.S. Supreme Court cases that were used by the R.I. Superior Court Justice to reduce the petitioner's sentence.

TRAVEL OF THE CASE

Petitioner was coerced into taking a plea agreement of nolo contendere of 20 years, but was changed by the trial judge to 40 years (or receive life after a trial), on 15 Feb. 1995.

Petitioner filed for a sentence reduction under R.I.G.L. Rules of Criminal Procedure #35 on 9 June 1995, Which was denied

on 19 July 1995.

He appealed the denial of sentence reduction timely but, was denied in 1997, State V. McKinney, 705 a.2d 1379 (RI).

He timely filed for a Post Conviction Relief Application under R.I.G.L. § 10-9.1-4 and Justice Fortunado did grant said Relief and reduced his sentence on 14 Nov. 2001, (using existing U.S. Supreme Court case law as justification), to 25 years to serve.

The state of R.I. Attorney General did file for an appeal of Justice Fortunado's decision of 14 Nov. 2001 with the R.I. Supreme Court on 28 Nov. 2001.

The R.I. Supreme Court did overturn Justice Fortunado's decision of 14 Nov. 2001 on 4 Feb. 2004.

The petitioner timely moved for his § 2254 application in Jan. 2005 and accepted by the District Court the end Jan. 2005.

The § 2254 was assigned to District Court Justice Smith and to Magistrate Lincoln Almond for investigation in Feb. 2005.

Magistrate Almond filed a defective Report and Recommendation on 25 Mar. 2005 to dismiss the petitioner's § 2254 application as beyond limitations of actions.

Petitioner filed an objection to the Report and Recommendation on 30 Mar. 2005.

Report and Recommendation was accepted by Justice Smith and an order was sent to the petitioner.

Petitioner filed a timely motion a certificate of appealibility with the court.

Petitioner received a seconded flawed Report and Recommendation from Magistrate Almond on 7 July 2005.

Petitioner is now filing this objection to Magistrate's new

Report and Recommendation.

ARGUMENT IN FULL

**I.** Magistrate Almond is being confused by the R.I. Attorney General's Office through its misdirection of the issues true date of 4 Feb. 2004. As if said action was in the Petitioner's favor no § 2254 action would have been presented to the court for litigation.

**II.** Since the § 2254 action before this court has now been fully exhausted in the State of R.I. as of 4 Feb. 2004 it could not have been brought before this court at an earlier date, as it would not have been in accordance with § 2254 prescribed rules.

**III.**Since the Court case of Lockyer v. Andrade, 538 U.S. 63, 123 S.ct. 116, 155 Led 2d 144 of 2003 is the R.I. Supreme Court's "Corner Stone" in its decision of 4 Feb. 2004 to overturn Justice Fortunado's Sentence of 14 Nov. 2001 for the petitioner, along with cases from 2001-2003 to bolster it's "Corner Stone Case", which , plain to see clearly came after 14 Nov. 2001 imposition of the petitioner's sentence. It could not have been argued at any time before now as most of the cases were not in existance.

**IV.** To press further in this regard the petitioner has never been afforded the Due Process to be brought back before the Sentencing court to have the R.I. Supreme Courts order of 4 Feb. 2004 properly imposed.

CONCLUSION

**Wherefore,** as presented above petitioner prays this court to reject the Report and Recommendation of Magistrate Almomd and grant him a Certificate of Appealability to the First Circuit Court of Appeals.

Respectfully Submitted,

7-14-05
Date

James R. McKinney
James R. McKinney Pro-Se

CERTIFICATION

Petitioner, James R. McKinney, does hereby certify that one True Copy of this Objection was sent by First Class U.S. Mail to; The Office Of the R.I. Attorney General at 150 South Main Street Providence R.I. 02903 on this the 14 day of July 2005.

James R. McKinney Pro-Se
FL-38, P.O. Box 8274
Cranston, R.I. 02920